IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Steel City Enterprises, Inc.**, | Case No.: 1:23-cv-02037 |
| Plaintiff, | Judge: Hon. Franklin U. Valderrama |
| v. | Magistrate Judge: Hon. Jeffrey Cole |
| **The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Steel City Enterprises, Inc. ("Steel City") filed a Motion for Preliminary Injunction (the "Motion") against specific ones of the fully interactive, ecommerce stores operating under the seller aliases identified in Schedule A to the Complaint. Specifically, Steel City has requested a preliminary injunction against the Defendants identified in Exhibit 1 to the Motion and attached hereto (collectively, "Enjoined Defendants"). Steel City informs that the Defendants that are excluded from the Motion have either already been dismissed, will be dismissed in the near future (presumably because settlement is imminent), or have not yet been served because Steel City lacks sufficient information to complete service. After reviewing the Motion and the accompanying record, this Court GRANTS Steel City's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants, including the Enjoined Defendants, because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Steel City has provided a basis to conclude that Defendants have targeted sales to Illinois residents by

setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have manufactured, imported, offered for sale, or sold products that infringe Steel City's federally registered patent, U.S. Patent No. D977,973 (the '973 Patent), to residents of Illinois.

This Court also finds that Steel City has provided notice to the Enjoined Defendants in accord with the Temporary Restraining Order that became operative on April 14, 2023 and Rule 65 of the Federal Rules of Civil Procedure. Accordingly, this Court orders that:

1. The Enjoined Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. making, using, importing, offering for sale, or selling the Accused products identified by product number or listing on Schedule A to the Complaint (Sealed Docket No. 4-1) or colorable imitations in any manner;

    b. committing any acts calculated to cause consumers to believe that the Enjoined Defendants' products are those sold under the authorization, control, or supervision of Steel City, or are sponsored by, approved by, or otherwise connected with Steel City; and

    c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Steel City, nor authorized by Steel City to be sold or offered for sale, and which embody the design claimed in the '973 Patent.

2. The Enjoined Defendants shall not transfer or dispose of any money or other of the Enjoined Defendants' assets in any of the Enjoined Defendants' financial accounts including any

financial assets held by any online marketplace platform (such as, for example, Amazon.com, eBay.com, and Walmart.com).

3. Steel City is authorized to issue expedited written discovery to the Enjoined Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identities and locations of Enjoined Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of the Enjoined Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Enjoined Defendants' financial accounts, including Enjoined Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Enjoined Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.,* MasterCard and VISA).

4. Upon Steel City's request, any third party with actual notice of this Order who is providing services for any of the Enjoined Defendants, or in connection with any of Enjoined Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms

such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Steel City expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

      a.    the identities and locations of Enjoined Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

      b.    the nature of Enjoined Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Enjoined Defendants' financial accounts, including Enjoined Defendants' sales and listing history related to their respective Online Marketplaces; and

      c.    any financial accounts owned or controlled by Enjoined Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.,* MasterCard and VISA).

5.    Upon Steel City's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any of Enjoined Defendants products accused of infringing

upon the '973 Patent as identified by the product numbers or listings shown in Schedule A to the Complaint (Sealed Docket No. 4-1) or colorable imitations thereof.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Enjoined Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A to the Complaint, and any e-mail addresses provided for Enjoined Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Enjoined Defendants' assets until further order by this Court.

7. Steel City may continue to provide notice of the proceedings in this case to Enjoined Defendants, including any future motions, by electronically publishing a link to the relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Enjoined Defendants by third parties.

8. Steel City has properly served the Enjoined Defendants consistent with Fed. R. Civ. P. 4(f)(3) as previously authorized by this Court.

9. Steel City has provided notice to Enjoined Defendants of its motion for preliminary injunction as required by Rule 65(a)(1).

10. In connection with its TRO motion, Steel City has already deposited with the Court a $10,000 security (*see* Dkt. 14) which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. Any Enjoined Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

12. This Preliminary Injunction Order is entered at 6:00 P.M. on the 15th day of May 2023 and shall remain in effect until otherwise ordered.

DATE: May 15, 2023

_____
Honorable Franklin U. Valderrama
United States District Judge